UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 2 4 2008
CLERK

| | | |
|---|---|---|
| LAWRENCE LARSEN, | ) | CIV. 08-4036 RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MINNEHAHA COUNTY JAIL | ) | |
| and SIOUX FALLS POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

Plaintiff, Lawrence Larsen (Larsen), commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. In an Order dated April 3, 2008, the Court screened Larsen's complaint under 28 U.S.C. § 1915, and determined that Larsen had properly set forth a claim regarding the alleged violation of his Fourth Amendment rights by illegally detaining him and a claim regarding the alleged violation of his Eighth Amendment rights regarding medical treatment and excessive force.

Service was obtained and defendants filed answers asserting the defense of qualified immunity. The Court then stayed discovery and directed defendants to file a motion for summary judgment on the issue of qualified immunity. On May 29, 2008,

defendants filed their motions for summary judgment. Larsen was to file his response to defendants' motion on or before July 31, 2008.

Larsen then moved to amend the complaint claiming that he now knew the names of the individual defendants involved in the violation of his constitutional rights. On August 1, 2008, the Court granted the motion to amend and ordered plaintiff to file the amended complaint on or before September 29, 2008. On September 26, 2008, Larsen filed his amended complaint, consisting of the names of 17 individuals and providing no details of their involvement in the alleged violations of his constitutional rights. Larsen, however, did not respond to the motion for summary judgment.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to a judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1355, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by

affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986) (citations omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356 (citation omitted).

## DISCUSSION

A.  **Summary Judgment**

1.  **Minnehaha County Jail**

The Minnehaha County Jail (Jail) moves for summary judgment alleging that it is not a proper party to this action. The Eighth Circuit has held that "county jails are not

legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (citing De La Garza v. Kandiyohi County Jail, 18 Fed. Appx. 436, 437 (8th Cir. 2001)). Furthermore, the Jail cannot be held vicariously liable for the actions of its employees. See Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988). As a result, the Court finds that summary judgment must be granted in favor of the Jail.

2.  **Sioux Falls Police Department**

The Sioux Falls Police Department (Police Department) also moves for summary judgment on the grounds that it is not a proper party to this action. The Eighth Circuit has also held that the entities such as the Police Department "are not judicial entities suable" under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992). Moreover, like the Jail, the Police Department cannot be held vicariously liable for the actions of its employees. See Williams, 853 F.2d at 588. As a result, summary judgment must be granted in favor of the Police Department.

B.  **Amended Complaint**

As stated previously, Larsen moved to amend the complaint to name additional defendants as he had recently discovered the names of the individuals who allegedly assaulted him. The Court granted the motion. Larsen then filed an amended complaint which merely listed seventeen individuals including the governor of South Dakota, two judges, and the clerk of courts. Larsen did not, however, supply specific facts as to how each of these individuals were involved in the alleged violation of his constitutional

rights. The Eighth Circuit has held that even "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). As a result, Larsen's amended complaint does not state a claim upon which relief may be granted and therefore, it must be dismissed. Accordingly, it is hereby

ORDERED that defendant Minnehaha County Jail's motion for summary judgment (Docket #20) is granted.

IT IS FURTHER ORDERED that defendant Sioux Falls Police Department's motion for summary judgment (Docket #24) is granted.

IT IS FURTHER ORDERED that the amended complaint (Docket #38) is dismissed for failure to state a claim upon which relief can be granted.

Dated this 22nd day of October, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE